# In the United States Court of Federal Claims

No. 19-284T

(E-Filed: October 8, 2020)

|  |  |  |
|---|---|---|
| SHIRLEY BREWER<br>d/b/a EMERALD<br>GROUP/INDUSTRIAL SUPPLIES<br>LLC,<br><br>           Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>           Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Pro Se Complaint; Motion to Dismiss;<br>RCFC 41(b); RCFC 83.1;<br>Unrepresented Entity; Limited<br>Liability Company. |

Shirley Brewer, Osterville, MA, pro se.

Margaret E. Sheer, Trial Attorney, with whom were Richard E. Zuckerman, Principal Deputy Assistant Attorney General, David I. Pincus, Chief, G. Robson Stewart, Assistant Chief, Tax Division, Court of Federal Claims Section, Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, J.

      Before the court is defendant's motion to dismiss plaintiff's amended complaint for lack of prosecution pursuant to Rules 41(b) and 83.1(a)(3) of the Rules of the United States Court of Federal Claims (RCFC), and alternatively, for lack of jurisdiction pursuant to RCFC 12(b)(1), or for failure to state a claim pursuant to RCFC 12(b)(6), filed on October 25, 2019. See ECF No. 14. Plaintiff filed her response on March 9, 2020, ECF No. 19, and defendant filed its reply on March 23, 2020, ECF No. 21. Plaintiff requested additional briefing and filed a sur-reply on May 15, 2020, ECF No. 23, and and defendant filed a sur-response on May 21, 2020, ECF No. 24. The motion is now fully briefed and ripe for decision. For the following reasons, defendant's motion to dismiss is **GRANTED**.

I.     Background

      Plaintiff first filed a complaint on February 13, 2019.   See ECF No. 1.  Defendant filed a motion to dismiss on April 15, 2019, arguing that plaintiff was described as "Industrial Supplies, LLC, a Delaware limited liability company" and the complaint was signed by "Shirley Brewer, pro se," making the plaintiff an unrepresented entity.   See ECF No. 6 at 1.   Plaintiff did not file a response, but moved to amend the complaint on May 20, 2019.   See ECF No. 7.   The court issued a show cause order on May 23, 2019, noting that before the case could proceed further, plaintiff "must first identify the party before the court and the question of attorney representation in this matter."   See ECF No. 8 at 1 (order).   The court noted that plaintiff had inconsistently identified the plaintiff in this matter on her various filings and brought to plaintiff's attention RCFC 83.1, which prevents pro se plaintiffs from representing business entities.  Id. at 1-2.   The court ordered plaintiff to respond and "indicate which business entity, . . . is the proper plaintiff in this case" and to show cause why, "[i]f no attorney is to be sought for the alleged business entity," an action brought under plaintiff's name was appropriate.   Id. at 2.   Plaintiff responded on June 24, 2019, and asserted that the plaintiff should be "Shirley Brewer, DBA Emerald Group."   ECF No. 10 at 1.

      The court, taking into account plaintiff's response, granted plaintiff's motion to amend her complaint on July 19, 2019, noting that "the business entities identified in this suit by plaintiff have been variously and inconsistently described," and directing that, "once Ms. Brewer's amended complaint is filed, it will supersede all of plaintiff's representations as to her business entities and her claims."   See ECF No. 11 at 1-2 (order).   Plaintiff filed the amended complaint on August 26, 2019, and quoted the court's language from the July 19, 2019 order as a footnote to plaintiff's name in the case caption.   See ECF No. 12 at 1 n.1.   Plaintiff's amended complaint describes plaintiff as "Shirley Brewer d/b/a Emerald Group/INDUSTRIAL SUPPLIES, LLC, a live Delaware Corporation" and is signed by "Shirley Brewer, pro se, Shirley Brewer d/b/a Emerald Group/INDUSTRIAL SUPPLIES."   ECF No. 12 at 7, 34.

      In the amended complaint, plaintiff alleges that the government improperly failed to award the company a grant under Section 1603 of the American Recovery and Reinvestment Act, Pub. L. No. 111-5, div. B., 123 Stat. 115, 364 (Section 1603).   See generally ECF No. 12.   The amended complaint further alleges that plaintiff "was the seller/vendor/supplier to [Kansas Green Energy, LLC (KGE)] in the (Organic) Waste to Energy Project," and that KGE, "a qualified applicant," submitted "timely fully correct" applications for Section 1603 grants.[1]   Id. at 14, 16-17.

---

[1]    Plaintiff previously filed a similar case in this court, Indus. Supplies, LLC v. United States, Case No. 19-625C, alleging the same claims but a different applicant.   That case was

2

More specifically, plaintiff alleges that defendant breached a contract and the Section 1603 program rules when it failed to keep the reviewers of KGE's application anonymous, asked unauthorized questions of KGE and made other unauthorized communications, and "breached the secrecy of the KGE applicant information." Id. at 20-23, 27-28.  Ultimately, plaintiff alleges, defendant "falsely and fraudulently" rejected KGE's grant application, "resulting in the entire KGE Project being cancelled and returned to Shirley Brewer d/b/a Emerald Group/INDUSTRIAL SUPPLIES, LLC." Id. at 24.  Plaintiff therefore requests that this court award plaintiff $71,396,615—the cost of the project plus financing interest costs. See id. at 34.

II.   Legal Standards

   A.   Pro Se Plaintiffs

Plaintiff is proceeding pro se and is therefore entitled to a liberal construction of her pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers") (citations omitted).  Pro se plaintiffs are "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987).

   B.   RCFC 41(b), Dismissal for Lack of Prosecution

The court may, pursuant to RCFC 41(b), dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply" with the applicable court rules. RCFC 41(b).  "Unless the dismissal order states otherwise," dismissal pursuant to RCFC 41(b) for failure to prosecute "operates as an adjudication on the merits." Id.

Rule 83.1(a)(3) provides that "[a]n individual who is not an attorney . . . may not represent a corporation, entity, or any other person in proceedings before this court." Violation of this rule is grounds for dismissal of a complaint for lack of prosecution pursuant to RCFC 41(b). See, e.g., Balbach v. United States, 119 Fed. Cl. 681, 683 (2015) (citing Talasila, Inc. v. United States, 240 F.3d 1064, 1066 (Fed. Cir. 2001)).

III.   Analysis

Defendant argues that plaintiff's complaint should be dismissed for one of three reasons. See ECF No. 14 at 2.  First, as to the named plaintiff, Shirley Brewer d/b/a Industrial Supplies, LLC/Emerald Group, defendant argues that the complaint should be dismissed for lack of prosecution pursuant to RCFC 41(b) because that plaintiff is an

---

dismissed for lack of prosecution pursuant to RCFC 41(b) on August 28, 2019. See Industrial Supplies, LLC v. United States, 144 Fed. Cl. 290 (2019).

unrepresented entity in violation of RCFC 83.1.  See id. at 4-5.  In addition, to the extent the claims are brought by Ms. Shirley Brewer individually, defendant argues that the complaint should be dismissed for lack of jurisdiction or failure to state a claim because plaintiff lacks standing to a bring a claim related to the Section 1603 grant program—as she was not the grant applicant, she was merely a subcontractor.  See id. at 5-7; ECF No. 21 at 3; ECF No. 24 at 4.

Plaintiff responds that she as an individual is the appropriate plaintiff and that she indeed has standing to bring the claims because the grant program treated her as a prime contractor by requesting information from her during the grant application review process that only a prime contractor was required to provide.  See ECF No. 19 at 5, 11-13; ECF No. 23 at 14.

If a plaintiff fails to comply with the court's rules, the court may dismiss the plaintiff's complaint for lack of prosecution.  See RCFC 41(b).  In this case, plaintiff has failed to comply with RCFC 83.1, which provides that "[a]n individual who is not an attorney . . . may not represent a corporation, entity, or any other person in proceedings before this court."  RCFC 83.1(a)(3).  Plaintiff states in the amended complaint that plaintiff in this case is "Shirley Brewer d/b/a Emerald Group/INDUSTRIAL SUPPLIES, LLC, a live Delaware Corporation."  ECF No. 12 at 7.  Plaintiff also attached as exhibit A to the complaint a Delaware document certifying that Industrial Supplies, LLC is a corporation in good standing in Delaware.  See ECF No. 12-1 at 2.

The court previously gave plaintiff a chance to clarify the legal nature of the named plaintiff in the original complaint, but she failed to do so.  See ECF No. 8 (order); ECF No. 11 (order).  Plaintiff continued to variously and inconsistently describe the entities involved in this suit throughout the briefing on defendant's motion to dismiss.  See, e.g., ECF No. 12 at 1 (naming plaintiff as "Shirley Brewer d/b/a Emerald Group/INDUSTRIAL SUPPLIES, LLC"); ECF No. 19 at 1, 5 (naming plaintiff in the caption as "Shirley Brewer d/b/a INDUSTRIAL SUPPLIES, LLC" but noting that "[a]lthough she submitted her Complaint naming her d/b/a LLC as the entity filing the Complaint," she "suffered substantial personal monetary losses"); ECF No. 23 (naming plaintiff in the caption as "Shirley Brewer").  As the court previously noted in its order, ECF No. 11, the representations in the amended complaint supersede all other representations of Ms. Brewer's business entities and claims.  Thus, plaintiff in this case is as named and described in the amended complaint.

The amended complaint describes plaintiff as a "live Delaware corporation," and that entity may not be represented by Ms. Brewer, who is not an attorney.  See RCFC 83.1(a)(3); see also Indus. Supplies, LLC v. United States, 144 Fed. Cl. 290, 293 (2019) (concluding under similar facts that Industrial Supplies, LLC had violated RCFC 83.1 because it was represented by Ms. Brewer and not an attorney).  Therefore, as an

unrepresented entity, plaintiff is in violation of RCFC 83.1(a)(3).  Plaintiff's claims must be dismissed for lack of prosecution pursuant to RCFC 41(b).

IV.  Conclusion

Accordingly,

(1)  Defendant's motion to dismiss, ECF No. 14, is **GRANTED**;

(2)  Plaintiff's motion for partial summary judgment, ECF No. 26, is **DENIED** as moot; and

(3)  The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's amended complaint for lack of prosecution pursuant to RCFC 41(b) with prejudice.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge