# In the United States Court of Federal Claims

No. 19-284T

(Filed: June 9, 2021)

NOT FOR PUBLICATION

| | |
|---|---|
| SHIRLEY BREWER<br>d/b/a EMERALD<br>GROUP/INDUSTRIAL SUPPLIES<br>LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Motion to Alter or Amend Judgment;<br>Motion to Reconsider; Motion for<br>Relief from Final Judgment; RCFC<br>59(a); RCFC 60(b). |

Shirley Brewer, Osterville, MA, pro se.

Margaret E. Sheer, Trial Attorney, with whom were Richard E. Zuckerman, Principal Deputy Assistant Attorney General, David I. Pincus, Chief, G. Robson Stewart, Assistant Chief, Tax Division, Court of Federal Claims Section, Department of Justice, Washington, DC, for defendant.

## OPINION

CAMPBELL-SMITH, Judge.

Presently before the court is plaintiff's motion to vacate or amend the court's October 8, 2020 opinion dismissing its amended complaint with prejudice brought pursuant to Rules 59(a)(1) and 60(b)(1), (5), and (6) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 29. Defendant responded on January 23, 2021. See ECF No. 31. Plaintiff did not file a reply.

Briefing is now complete and the motion is ripe for decision. The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion. For the reasons set forth below, plaintiff's motion to vacate or amend the court's October 8, 2020 opinion is **DENIED**.

I.      Background[1]

On February 13, 2019, plaintiff filed a complaint in this court seeking the reimbursement of funds plaintiff expended on energy projects that allegedly qualify for grants pursuant to section 1603 of the American Recovery and Reinvestment Tax Act of 2009.  See ECF No. 12 at 2-3 (citing the "American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, § 1102(a)" and "Section 1603 of the Recovery Act").  The complaint listed "Industrial Supplies LLC" as the plaintiff and was signed by "Shirley Brewer, pro se."  See ECF No. 1 at 1, 20.

On April 15, 2019, defendant filed a motion to dismiss, arguing, among other things, that RCFC 83.1 forbids a non-attorney like Ms. Brewer from bringing claims on behalf of an entity and that plaintiff's claims should accordingly be dismissed for failure to prosecute under RCFC 41(b).  See ECF No. 6 at 2, 4.  On May 20, 2019, plaintiff filed a motion to amend the complaint, stating that it had "incorrectly filed [on] behalf of herself d/b/a/ Industrial Supplies LLC" instead of its "correct title, Shirley Brewer d/b/a Emerald Group LLC."  ECF No. 7 at 2.

Before ruling on the motion to amend, on May 23, 2019, the court issued an order directing plaintiff to indicate which business entity was the proper plaintiff in this case and, if no attorney was to represent the business entity, to show cause "why Industrial Supplies LLC and/or Emerald Group LLC should not be dismissed from this action." ECF No. 8 at 2.  The court also noted that RCFC 83.1(a)(3) forbids non-attorneys from representing a corporation or an entity, and directed plaintiff to "specifically address the issue of attorney representation for Industrial Supplies LLC and/or Emerald Group LLC." Id.  Plaintiff responded to the court's show cause order on June 24, 2019, asserting that the proper plaintiff to this action is "Shirley Brewer, DBA Emerald Group."  ECF No. 10 at 1.

On July 19, 2019, the court granted plaintiff's motion to amend the complaint, noting again that the plaintiff in this action had been inconsistently described and cautioning that "once Ms. Brewer's amended complaint is filed, it will supersede all of plaintiff's representations as to her business entities and her claims."  ECF No. 11 at 2. Plaintiff filed the amended complaint on August 26, 2019.  See ECF No. 12.  The amended complaint names "Shirley Brewer[] d/b/a Emerald Group / INDUSTRIAL SUPPLIES, LLC" as the plaintiff, states that plaintiff "bring[s] this action, pro se," and describes plaintiff as "a live Delaware Corporation."   Id. at 1, 7.

---

[1]      The court described the factual background and procedural history of the case in its October 8, 2020 opinion.  See ECF No. 27 at 2-3.  Accordingly, the court recounts only the facts relevant to deciding the instant motion.

On October 25, 2019, defendant filed a motion to dismiss plaintiff's amended complaint.   See ECF No. 14.   Defendant again argued that plaintiff's claims should be dismissed for failure to prosecute under RCFC 41(b) because plaintiff, as described in the amended complaint, is an entity that cannot be represented by a non-attorney under RCFC 83.1(a)(3).   See id. at 4-5.   After briefing on defendant's motion to dismiss concluded, on July 21, 2020, plaintiff filed a motion for partial summary judgment "as to expenses incurred by PLAINITFF" associated with a project that was ultimately the subject of an application for section 1603 funds.   See ECF No. 26 at 13.

On October 8, 2020, the court granted defendant's motion to dismiss with prejudice for failure to prosecute under RCFC 41(b) because plaintiff, Shirley Brewer d/b/a Emerald Group/INDUSTRIAL SUPPLIES LLC, was proceeding as an unrepresented entity in violation of RCFC 83.1(a)(3).   See ECF No. 27 at 4-5.   In reaching this conclusion, the court rejected plaintiff's argument that Ms. Brewer, as an individual, was the appropriate plaintiff.   The court noted that it had given "plaintiff a chance to clarify the legal nature of the named plaintiff in the original complaint," but Ms. Brewer had "failed to do so" in her amended complaint.   Id. at 4.   The court further noted that its previous order clearly directed that the representations in the amended complaint superseded all other representations of Ms. Brewer's business entities and claims.   See id. (citing the court's July 19, 2019 order, ECF No. 11).   Because the court granted defendant's motion to dismiss, it denied plaintiff's motion for partial summary judgment as moot.   See id. at 5.

On November 9, 2020, plaintiff filed the instant motion to vacate or amend the court's October 8, 2020 opinion pursuant to RCFC 59(a)(1) and 60 (b)(1), (5), and (6). See ECF No. 29.   Specifically, plaintiff requests that this court reconsider or vacate its dismissal with prejudice and restore this case to its docket, rule on plaintiff's motion for partial summary judgment, and afford plaintiff the opportunity to file a second amended complaint.   See id. at 12-13.   Defendant opposes the motion, arguing that plaintiff's requests for relief pursuant to RCFC 59(a)(1) are untimely and that plaintiff has otherwise failed to demonstrate that relief pursuant to RCFC 59(a)(1) or RCFC 60(b) is warranted.   See ECF No. 31.   For the reasons stated below, the court agrees with defendant.

II.    Legal Standards

Rules 59(a) and 60(b) set forth the applicable standard for reconsideration and relief from final judgments or orders, respectively.   Rule 59(a)(1) provides that the court may grant reconsideration in the following circumstances:

> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1)(A), (B), (C).   "A court, in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'"   Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016), cert. denied, 137 S. Ct. 389 (1996) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)).   A motion for reconsideration "must also be supported 'by a showing of extraordinary circumstances which justify relief.'"   Id. (quoting Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004)).   A motion for reconsideration under RCFC 59(a)(1)(A) or (B), or a motion to alter or amend a judgment, must be filed no later than twenty-eight days after the entry of the judgment.   See RCFC 59(b)(1); RCFC 59(e).

Rule 60(b) permits the court to relieve a party from a final judgment or order under certain, enumerated circumstances, which, as relevant to plaintiff's motion, include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

RCFC 60(b)(1), (5), (6).   Motions invoking RCFC 60(b)(1) must be made within one year after the entry of the judgment, and those invoking RCFC 60(b)(5) and (6) must be brought "within a reasonable time."   RCFC 60(c).   Rule 60(b) motions for relief from final judgment are "for extraordinary relief entrusted to the discretion of the Court" and "may be granted only in exceptional circumstances."   Sioux Tribe of Indians v. United States, 14 Cl. Ct. 94, 101 (1987), aff'd, 862 F.2d 275 (Fed. Cir. 1988) (internal citation omitted).

III.    Analysis

A.    Plaintiff's Requests for Relief Pursuant to RCFC 59(a)(1) Are Untimely

As an initial matter, the court concludes that plaintiff's requests pursuant to RCFC 59(a)(1) are untimely.   Rule 59 clearly provides that motions seeking reconsideration under RCFC 59(a)(1)(A) or (B), and motions to alter or amend the judgment, must be filed "no later than 28 days after the entry of judgment."   RCFC 59(b)(1); see also RCFC 59(e).   This deadline is strictly enforced under RCFC 6(b), which provides that "[t]he court must not extend the time to act under RCFC 52(b), 59(b), (d), and (e), and 60(b)." RCFC 6(b)(2); see also Am. Innotek, Inc. v. United States, 129 Fed. Cl. 444, 446 (2016) (finding motion to alter or amend the judgment filed one day after the twenty-eight-day deadline untimely in light of the "inflexible" deadline for such motions).

Judgment in this case was entered on October 8, 2020, making any motion for reconsideration or motion to alter or amend the judgment due by November 5, 2020. See ECF No. 28 (judgment dismissing case with prejudice pursuant to RCFC 41(b) on October 8, 2020).   Plaintiff's motion was not mailed until November 7, 2020, and was not received by the court and filed in the court's case management/electronic case filing (CM/ECF) system until November 9, 2020.   See ECF No. 29 at 223 (envelope from plaintiff's filing reflecting dates of mailing and receipt).   Accordingly, the court concludes that to the extent plaintiff's requests for relief are made pursuant to RCFC 59(a)(1), those requests are untimely and must be denied.

B.    Plaintiff Fails to Demonstrate Grounds for Relief Pursuant to RCFC 60(b)(1), (5), or (6)

Plaintiff also invokes RCFC 60(b)(1), (5), and (6), as grounds for relief.   See ECF No. 29 at 1.   As noted above, the rule states, in pertinent part, as follows:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.   On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

. . .

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies

5

relief.

RCFC 60(b)(1), (5), (6).

As an initial matter, RCFC 60(b)(5) is plainly inapplicable.   The court's judgment in this case has not been "satisfied, released, or discharged," and is not based on an earlier reversed or vacated judgment.   Plaintiff does not argue that applying the court's judgment prospectively would be inequitable.   Accordingly, plaintiff has not identified any reason that it is entitled to relief under RCFC 60(b)(5), and its requests for such relief are denied.

Plaintiff has similarly failed to establish that it is entitled to relief pursuant to RCFC 60(b)(1) or (6).   As described above, plaintiff's motion seeks reconsideration "to correct a clear, outcome determinative, error of law in the Court's Opinion."   ECF No. 29 at 10.   Relief from "judicial error" may be granted under RCFC 60(b)(1) "when inadvertence is shown and the motion is made within a reasonable time."   Patton v. Sec'y of Dep't of Health & Human Servs., 25 F.3d 1021, 1030 (Fed. Cir. 1990). Alternatively, relief under RCFC 60(b)(6)—the "catch-all" provision—is warranted "if such action is appropriate to accomplish justice and only in extraordinary circumstances." CEATS, Inc. v. Cont'l Airlines, Inc., 755 F.3d 1356, 1361 (Fed. Cir. 2014) (internal citations omitted).   Rules 60(b)(1) and 60(b)(6) are mutually exclusive, leaving movants unable to obtain relief from judgment premised on inadvertence and neglect under both RCFC 60(b)(1) and 60(b)(6).   See Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d 1378, 1382 (Fed. Cir. 2002) ("Rule 60(b)(6) is available only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b).").

Plaintiff has failed to establish judicial error—or any other "mistake, inadvertence, surprise, or excusable neglect"—to justify relief under RCFC 60(b)(1), or "extraordinary circumstances" that justify relief under RCFC 60(b)(6).   First, plaintiff's argument that the court erred by not giving plaintiff the "opportunity" to acquire counsel, ECF No. 29 at 5, is unavailing.   Plaintiff had ample notice that it needed counsel to pursue its claims and had every opportunity to acquire counsel in the twenty months between filing the complaint and dismissal.[2]   See ECF No. 6 at 4 (defendant's first motion to dismiss, arguing for dismissal for failure to prosecute pursuant to RCFC 41(b) as plaintiff is an

---

[2]      Plaintiff directs the court to North American Landscaping Construction & Dredge Inc. v. United States, 147 Fed. Cl. 817 (2020), arguing that the court allegedly gave plaintiff "the option to acquire counsel" and repeated opportunities to amend its complaint.   ECF No. 29 at 5.   But this caselaw does not address any issues related to the corporate plaintiff's representation by counsel or requests for leave to amend its complaint and is accordingly inapplicable here.

unrepresented entity); ECF No. 8 at 2 (order to show cause, noting that "[p]ursuant to RCFC 83.1(a)(3) pro se plaintiffs may not represent a corporation, or any other business entity, before this court. The entity must obtain representation by an attorney qualified to practice before this court."). Plaintiff's failure to retain counsel is its own error, not the court's, and does not justify relief under RCFC 60(b).

Plaintiff's argument that the court erred by not granting plaintiff leave to file a second amended complaint is similarly unavailing. Plaintiff did not file a motion seeking leave to file a second amended complaint, as it must in order to do so.[3] See RCFC 15(a)(2) (providing that, after a response to the complaint has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave"). Plaintiff is aware of this requirement, having filed a motion to amend its complaint on May 20, 2019, which this court ultimately granted, that cites RCFC 15(a)(2) in support. See ECF No. 7 at 1. Accordingly, like its failure to timely acquire counsel, plaintiff's failure to seek leave to amend the complaint a second time before the court dismissed the action is plaintiff's error, not the court's, and does not justify relief under RCFC 60(b).

Plaintiff's argument that the court erred when it determined that plaintiff is an entity, not an individual, must also be rejected. Specifically, plaintiff argues that Ms. Brewer, not Industrial Supplies, LLC, supplied materials for the projects for which section 1603 grants were sought. See ECF No. 29 at 5. Ms. Brewer raised a nearly identical argument during briefing on defendant's motion to dismiss, positing that she suffered "substantial personal monetary losses" for the sake of the projects and was accordingly the proper plaintiff. ECF No. 19 at 5. The court specifically rejected this argument in its October 8, 2020 opinion. See ECF No. 27 at 4 (rejecting plaintiff's argument "that she as an individual is the appropriate plaintiff" in this case). It is well-settled that "[a] motion under [RCFC] 60 is not available simply to relitigate a case—it is an avenue to secure 'extraordinary relief . . . which may be granted only in exceptional circumstances.'" Wagstaff v. United States, 595 F. App'x 975, 978 (Fed. Cir. 2014)

---

[3] Plaintiff claims that it sought leave to amend its complaint on multiple dates, referring the court to its briefs opposing the government's motion to dismiss and its motion for summary judgment. See ECF No. 29 at 9. But, in those filings, plaintiff states only its intent to draft and file a second amended complaint; it does not seek leave to file it or attach proposed amendments for the court's consideration. See ECF No. 19 at 12 (stating that plaintiff is "in the process of drafting" a second amended complaint, which it planned to file by the end of May 2020); ECF No. 23 at 9 (stating that plaintiff intends to file a second amended complaint to "further clarify Ms. Brewer's position as well as to remove the typographical, technical or other mistaken error related to any artificial entity's participation or as in this case lack thereof").

(quoting <u>Sioux</u>, 14 Cl. Ct. at 101)).   Disagreement with the court's conclusion that Ms. Brewer as an individual is not the plaintiff in this case does not satisfy this standard.

Plaintiff makes several additional arguments, none of which justify relief under RCFC 60(b).   First, plaintiff spends a significant portion of its motion explaining why jurisdiction in this court is proper, and even asks that this court "reconsider its holding that it lacks jurisdiction over Ms. Brewer's complaint."   <u>See</u> ECF No. 29 at 8; <u>see also</u> <u>id.</u> at 10 ("Where MS. BREWER's position sharply diverges with the Government's, however, is on the question whether the Tucker Act provides jurisdiction over this case and directly supports MS. BREWER's position.").   Because the court did not conclude that it lacks jurisdiction over the amended complaint, this argument is unfounded. Second, plaintiff points to RCFC 41(a)(2) to argue that the court should have dismissed the amended complaint without prejudice.   <u>See</u> ECF No. 29 at 10-11.   Rule 41(a)(2) applies to voluntary dismissals.   Because plaintiff clearly does not seek to have this action voluntarily dismissed, RCFC 41(a)(2) is inapplicable.   And finally, plaintiff argues that the court erred when it "omitted several facts and ignored clear circuit precedent and 'law of the case' doctrine" in its October 8, 2020 opinion.   ECF No. 29 at 6.   Plaintiff, however, does not identify the allegedly omitted facts or precedent and does not explain how the "law of the case" doctrine applies to this case.   This conclusory statement, standing alone, does not demonstrate "extraordinary circumstances" that warrant relief.

Accordingly, plaintiff has not demonstrated that relief under RCFC 60(b) is warranted.

IV.    Conclusion

Plaintiff's motion to vacate or amend the October 8, 2020 opinion dismissing this action with prejudice, and denying plaintiffs' motion for partial summary judgment as moot, ECF No. 29, is **DENIED**.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge
